**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 07-cv-01277-LTB-KMT
(Consolidated w/Civil Case No. 08-cv-02487-REB-MJW)

MARY BARONE,

       Plaintiff,

v.

UNITED AIRLINES, INC.,

       Defendant.
_____

**ORDER**
_____

       THIS MATTER is before me on "Plaintiff's Motion for Clarification of Order Re: 'Stray Remarks' By Kevin Mortimer, and for Expedited Ruling Thereon" (Doc 144). The Order (Doc 143) states specifically, in part that "I reverse the May 12, 2010 Order [docket #115] and grant Defendant's Motion in Limine as to Kevin Mortimer's 'stay comments,' <u>specifically including any comments made by Mortimer illustrating his alleged discriminatory or retaliatory animus.</u>" (Emphasis added). The underlined portion of the Order states the proscribed purpose for which any statements by Mortimer may be proffered into the evidence.

       Plaintiff sets forth in paragraph 7(a)-(l) specific comments which she contends may be admissible because "Mortimer's remarks influenced Sprague <u>in himself developing the *mens rea* to constructively fire plaintiff</u>. . ." This skates the edges of the analysis underlying my ruling.

Some of the proffered statements, for example 7(d), (e), (h), (I), <u>may</u> be relevant *res gestre* evidence. Other proffered statements such as those in paragraphs 7(g), (j), and (k) may or may not fall within the proscription set forth above in my order.

In all events, however, any such proffered testimony must meet the F.R.E. 602 standard and must not be otherwise inadmissible under, for example, F.R.E. 802. Determination of the admissibility of the proffered statements must be made in the context of the trial itself and if admissible for a limited purpose subject to an instruction as to the limited purpose for which the evidence is admitted.

In the light of the above,

IT IS ORDERED that the Plaintiff's Motion (Doc 144) is granted to clarify my Order (Doc 143) does not constitute a blanket exclusion of all statements by Kevin Mortimer.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED: December 2, 2010